UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| CITY OF HOLLAND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:13-cv-1097 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This is a declaratory judgment action by an insured to enforce the terms of an environmental site liability insurance policy, written on a claims-made basis. By order entered April 22, 2014 (docket # 38), this court denied plaintiffs' motion for a protective order precluding all discovery in the case. The court determined that the defendant insurance company was entitled to discovery on certain defenses and policy exclusions. To prevent undue burden on plaintiffs, the court essentially ordered that plaintiffs produce for defendants' inspection the litigation files in the underlying liability cases. Except for that limited discovery, the court quashed defendant's other discovery efforts, without prejudice.

Dissatisfied with that resolution of its motion for protective order, plaintiffs filed a notice of appeal to the district judge (docket # 47), which remains pending. On the strength of their appeal, plaintiffs have refused to comply with the discovery order. Defendant moved for an order

requiring plaintiffs to comply with the previous discovery order.[1]   Plaintiffs filed a brief in opposition to the motion to compel in addition to a motion to stay the discovery order.  (Response, docket # 57; Motion to Stay, docket # 56).  The motion to stay the discovery order was filed on June 2, 2014, forty-one days after the entry of the order.

Plaintiffs' position is based on the unsupported and unsupportable assumption that the filing of objections to the magistrate judge's order on a nondispositive matter stays the order's operation.  The law is precisely to the contrary.  *See, e.g., Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-2082, 2013 WL 5954470, at * 2 (D. Nev. Nov. 6, 2013); *Guiden v. Leatt Corp.*, No. 5-10-cv-175, 2013 WL 4500319, at * 4 (W.D. Ky. Aug. 21, 2013); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013); *Oracle Am., Inc. v. Google, Inc.*, No. C-10-3561, 2011 WL 3794892, at * 5 n.7 (N.D. Cal. Aug. 26, 2011); *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10-1863, 2011 WL 3349844, at * 4 (E.D. La. Aug. 3, 2011) ("The idea that the filing of an objection automatically stays a magistrate judge's discovery order would essentially reduce the magistrate's order to the status of a recommendation.") (citation and quotation marks omitted); *City of Ecorse v. United States Steel*, No. 07-cv-12131, 2008 WL 686241, at * 1 (E.D. Mich. Mar. 13, 2008) (collecting cases).  Allowing the automatic stay of a magistrate judge's discovery order "would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989).

---

[1] The correct motion was a motion for sanctions under Fed. R. Civ. P. 37(b).  Once the court has compelled a party to make discovery, it is redundant to seek the same relief in a second motion.

In opposition to this uncontradicted body of authority against their position, plaintiffs seek to distinguish only one case, *City of Ecorse v. United States Steel*, No. 07-cv-12131, 2008 WL 686241 (E.D. Mich. Mar. 13, 2008). Plaintiffs argue that the Eastern District's decision in the *City of Ecorse* case must have been based on an application of Local Rule 72.2 of the Eastern District, which expressly provides that an objection to a magistrate judge's ruling on a nondispositive motion does not deprive the ruling of its effect unless and until it is stayed by the magistrate judge or a district judge. There are two glaring flaws in plaintiffs' argument. First, the court in *City of Ecorse* did not rely on or even cite Local Rule 72.2. Rather, the court cited several cases from other districts. Second, Local Rule 72.2 of the Eastern District of Michigan was passed effective February 1, 2011, three years after the decision in *City of Ecorse*. The rule enunciated by *City of Ecorse* and cases like it is a matter of federal common law, based on an interpretation of the provisions of 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the authority to "hear and determine" nondispositive matters referred to them. Local Rules have nothing to do with it. Plaintiffs' assertion that its appeal suspended the effectiveness of this court's discovery order, because this court does not have a local rule analogous to Local Rule 72.2 of the Eastern District, is frivolous.

Plaintiffs assert an alternative argument grounded on Fed. R. Civ. P. 37(d). That rule provides that the party's failure to attend its own deposition, serve interrogatory answers, or respond to a request for inspection is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a *pending* motion for protective order under Rule 26(c). FED. R. CIV. P. 37(d)(2). Plaintiffs seem to argue that their original motion for a protective order, which the court decided on April 22, 2014, continues to provide justification for failing to provide discovery. Rule 37(d), on its face, does not apply to discovery orders previously entered by the court. When

pressed at oral argument, plaintiffs' counsel could not cite a single case in support of its attempt to apply Rule 37(d) to a discovery order. After April 22, 2014, plaintiffs had no motion for protective order *pending*. Their motion had been granted in part and denied in part. Thereafter, plaintiffs had no excuse for failing to comply with the court's discovery order, and Rule 37(d) affords plaintiffs no shelter.

Finally, the filing of a motion to stay, over forty days after the discovery order was entered, did not relieve plaintiffs of their obligation to comply with the court's order. It is clear that the mere filing of a motion for stay "does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with the challenged order. *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005).

This court's previous discovery order granted plaintiffs a substantial, although not complete, victory on its motion for relief from broad discovery. Plaintiffs filed an appeal, as is their right under federal statute and rule. Until such time as the district judge acts on plaintiffs' appeal, however, plaintiffs are required to comply with the order. In the absence of a stay, the fact that a litigant has objected to the district court from a magistrate judge's discovery order "does not excuse failure to comply with that order." *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Colo. 2001). Defendant's motion to compel will therefore be granted.

Chief Judge Maloney has referred plaintiffs' motion for a stay to me for resolution. Plaintiffs' motion does not establish substantial grounds to believe that the previous discovery order (which, again, significantly favored plaintiffs) is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Even if plaintiffs are correct in their analysis of the basic coverage issues in this case,

plaintiffs have not articulated a cogent reason why defendant should be denied discovery on policy exclusions and affirmative defenses, which may in the end negate coverage.  The only harm articulated by plaintiffs is that they will be required to produce documents that are, in plaintiffs' opinion, irrelevant.  Plaintiffs' motion for stay is insubstantial.

Plaintiffs have unilaterally impeded the progress of this case by their groundless refusal to comply with the discovery order of this court.  Sanctions under Rule 37(b) would be in order, but defendant has not asked for them.  The court will compel plaintiffs to comply with the court's previous discovery order no later than June 27, 2014.  The court will also deny plaintiffs' motion for stay.  In light of the disruption caused by plaintiffs' intransigence, and the pendency of a dispositive motion, the court determines that the interests of justice require the suspension of all dates and deadlines set forth in the case management order.  After the district judge rules on plaintiffs' pending dispositive motion, a new case management order will be entered if necessary.

Dated:   June 6, 2014                                 /s/  Joseph G. Scoville
                                                      United States Magistrate Judge